UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROSA ZAYAS and EDWIN ZAYAS, *as parents and natural guardians of R.Z.*, and ROSA ZAYAS and EDWIN ZAYAS, *individually*,

                        Plaintiffs,

      -v-

MELISSA AVILES-RAMOS, *in her official capacity as Chancellor of the New York City Department of Education*, and THE NEW YORK CITY DEPARTMENT OF EDUCATION,

                        Defendants.
------------------------------------------------------------------X

25-CV-01880 (JAV)

OPINION AND ORDER

JEANNETTE A. VARGAS, United States District Judge:

      Two parents, individually and on behalf of their child, R.Z., bring this action seeking an order confirming R.Z.'s educational placement at the International Institute for the Brain ("iBRAIN") for the 2024-2025 extended school year ("2024-25 SY") and funding for tuition and related services under the "stay-put" provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(j).  ECF No. 5 ("Compl.") at 1-2.

      The relevant school year has since concluded, and the New York City Department of Education ("DOE") has made all pendency payments for the period of time beginning when Plaintiffs initiated the underlying administrative proceedings through the end of the school year.  *See* ECF No. 18 ("Kapoor Decl."), ¶¶ 4-7; ECF No. 51 ("Defs.' Br.") at 10-11.  The only live issue remaining in this case is whether

Plaintiffs are entitled to costs incurred prior to the date they first brought an administrative challenge with respect to the adequacy of R.Z.'s education for the 2024-25 SY.  In light of the Second Circuit's decision in *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 455-56 (2d Cir. 2015), Plaintiffs are not entitled to pendency funding prior to the date they brought their due process complaint ("DPC").  Accordingly, Plaintiffs' motion for summary judgment is **DENIED** and Defendants' cross-motion for summary judgment is **GRANTED**.

## BACKGROUND

### A.    Individuals with Disabilities Education Act

IDEA requires states that receive federal special education funding to provide children with disabilities "a free appropriate public education ["FAPE"] in the least restrictive environment suitable for the child."  *Heldman on Behalf of T.H. v. Sobol*, 962 F.2d 148, 150 (2d Cir. 1992) (cleaned up).  To ensure the provision of a FAPE, the State of New York is responsible for creating individualized education programs ("IEPs"), which are written statements that "set out, among other things, the [s]tudents' educational needs and the services that must be provided to meet those needs."  *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 523 (2d Cir. 2020).

IDEA establishes formal administrative procedures for resolving disputes between parents and schools concerning the provision of a FAPE.  *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 159 (2017).  Under IDEA, parents of such students are guaranteed "both an opportunity for meaningful input into all decisions affecting

their child's education and the right to seek review of any decisions they think inappropriate." *Honig v. Doe*, 484 U.S. 305, 311-12 (1988). "Parents are specifically entitled to request a due process hearing in order to present complaints as 'to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education.'" *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 245 (2d Cir. 2008) (quoting 20 U.S.C. § 1415(b)(6)(A)), *abrogation on other grounds recognized by Doe v. Franklin Square Union Free Sch. Dist.*, 100 F.4th 86, 102 (2d Cir. 2024), *cert. denied*, 145 S. Ct. 570 (2024).

New York has adopted a two-tier administrative system for review of a parent's DPC. *Id.* First, an impartial hearing officer ("IHO") is appointed by the local board of education or competent state agency to conduct the initial hearing and issue a written decision. *Id.* That decision can be appealed to a state review officer ("SRO") of the New York Education Department. *Id.* "Only after exhaustion of these procedures has an aggrieved party the right to file a suit in a federal or state court." *Id.* (citing 20 U.S.C. § 1415(i)(2)(A)).

IDEA provides that, "during the pendency of any proceedings," the child is entitled to "remain in [their] then-current educational placement" at public expense. 20 U.S.C. § 1415(j). This stay-put provision ensures that, if parents "prevail on their administrative complaint, they may seek retroactive reimbursement from the school district for the cost of tuition and certain school-related services." *Mendez v. Banks*, 65 F.4th 56, 59 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 559 (2024). Section

3

1415(j) operates as "in effect, an automatic preliminary injunction, given that it substitutes an absolute rule in favor of the status quo—that is, the maintenance of a student's then-current educational placement—for the standard preliminary injunction analysis involving irreparable harm, the likelihood of success on the merits, and the balance of hardships." *Id.* at 62.

### 1. The Student, R.Z. (IHO Case No. 289807)

R.Z. was enrolled at iBRAIN for the 2024-25 SY, beginning on October 9, 2024. ECF No. 5-2 at 36-41. R.Z. also contracted with Sisters Travel and Transportation Services, LLC ("Sisters Travel") to provide transportation to and from the school for the 2024-25 SY. *Id.* at 43-48.

On June 14, 2024, Plaintiffs submitted a "Ten Day Notice" to DOE, rejecting the proposed IEP for the 2024-25 SY and notifying DOE of their intent to enroll R.Z. at iBRAIN. *Id.* at 12-13. On December 16, 2024, Plaintiffs filed a DPC alleging, *inter alia*, that DOE did not offer R.Z. a FAPE for the 2024-25 SY. *Id.* at 2. On January 9, 2025, the IHO entered a pendency order for R.Z. for the 2024-25 SY, requiring direct payment of (1) full tuition to iBRAIN, (2) transportation services to Sisters Travel, and (3) individual nursing services to B&H Health Care Services. ECF No. 5-3 ("Pendency Order") at B-1. R.Z.'s pendency placement was based on an SRO decision for the 2023-24 extended SY, which established iBRAIN as R.Z.'s then-current educational placement and mandated that DOE provide R.Z. with transportation and nursing services. *See id.* Concerning the time period covered by the Pendency Order, the Pendency Order states only that "the parent asserts the

Student's pendency program during the pendency of the upcoming due process proceeding, from October 9th, 2024, and continuing until such time as a final decision is issued or settlement reached, consists of the following," with the various programmatic items listed. *Id.* DOE contested the date that pendency funding should begin as part of its Request for Review to the SRO. ECF No. 53 ("Pls.' Opp'n") at 1.

DOE concedes that it has not paid tuition, transportation, or nursing costs from October 9, 2024, to December 16, 2024 (the "Disputed Period"), *see* ECF No. 41 at 5, despite the Pendency Order's "from October 9th, 2024" language, Pendency Order at B-1. Plaintiffs contend that DOE is liable to make pendency payments for the Disputed Period pursuant to the terms of the Pendency Order. ECF No. 47 ("Pls.' Br.") at 11-14. Plaintiffs argue in the alternative that the Ten Day Notice begins due process proceedings, triggering stay-put protections. Pls.' Opp'n at 4-5.

DOE, in contrast, contends that their liability began only upon the filing of the DPC on December 16, 2024. Defs.' Br. at 6. Review of the IHO's Findings of Fact and Decision ("FOFD") is ongoing by the SRO. *Id.* at 12.

## LEGAL STANDARDS

A grant of summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a reasonable jury could render a verdict in favor of the nonmoving party, a genuine dispute of material fact exists. *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 631 n.12 (2d Cir. 2016). The moving

5

party has the burden of demonstrating the absence of a question of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). In forming this assessment, the Court must view all evidence "in the light most favorable" to the non-moving party. *Abramson v. Pataki*, 278 F.3d 93, 101 (2d Cir. 2002) (internal quotation marks omitted).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "Where the movant fails to fulfill its initial burden of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied." *Giannullo v. City of New York*, 322 F.3d 139, 140-41 (2d Cir. 2003) (cleaned up).

The Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (internal quotation marks omitted). Ultimately, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[1]

## DISCUSSION

The narrow issue before the Court is whether Defendants are responsible for funding tuition, transportation costs, and nursing services provided from October 9th, 2024, through the date that R.Z.'s DPC was filed on December 16, 2024. It should be noted that the parties agree that DOE has otherwise fulfilled its pendency obligations for the 2024-25 SY. *See* Mielnik Decl., ¶¶ 3-7; Defs.' Br. at 6-8; Pls.' Opp'n at 1-5. For the reasons set forth below, the Court holds that DOE is not responsible for funding pendency for the Disputed Period and has fully satisfied its obligations under Section 1415(j).

The Second Circuit has recognized that an agency's obligation to begin pendency payments starts when a parent files a DPC. *E. Lyme Bd. Of Educ.*, 790 F.3d at 455-56. Considering the language of Section 1415(j), the Second Circuit held that the stay-put protections are applicable during the pendency of an

---

[1] The Second Circuit has held that a different standard applies when the district court reviews an administrative decision in the IDEA context. "A federal court reviewing a dispute over an [individualized education program] must base its decision on the preponderance of the evidence," deferring "to the administrative decision because the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 184 (2d Cir. 2012) (cleaned up). As this case does not involve a challenge to the underlying administrative decision, but instead seeks only to enforce the Pendency Order, the ordinary Rule 56 standard applies. *See Mackey ex rel. Thomas M. v. Bd. of Educ. for Arlington Cent. Sch. Dist.*, 386 F.3d 158, 163 (2d Cir. 2004).

administrative "proceeding." *Id.* at 455. Pendency obligations are therefore only triggered once a DPC has been initiated and the relevant proceeding has commenced. *Id.*

Courts in this District have applied *E. Lyme Bd. Of Educ.* in denying similar claims brought by plaintiffs raising issues regarding when DOE's financial liability begins. *See, e.g.*, *De Paulino v. N.Y.C. Dep't of Educ.*, No. 22-CV-1865 (PAE), 2024 WL 3046025, at *5 (S.D.N.Y. June 18, 2024) (holding DOE not liable for costs on the first day of the SY, July 7, when DPC was filed and effective July 8). In this case, the DPC was filed on December 16, 2024. ECF No. 5-2 at 2, 14.[2]

Plaintiffs wholly fail to engage with this binding precedent. Indeed, they fail to cite *E. Lyme Bd. Of Educ.* in either their moving papers or their opposition papers. *See generally* Pls. Br.; Pls.' Opp'n. Instead, they contend that the Pendency Order determined that pendency payments should begin on October 9, 2025. Pls.' Br. at 7. They argue that this determination is binding and DOE must abide by the terms of the Pendency Order. *Id.* at 9-13. In the alternative, they argue that the submission of the Ten Day Notice triggers due process proceedings rather than the DPC, making DOE liable for the entire SY. Pls.' Opp'n. at 4-5.

In making this argument, Plaintiffs primarily rely upon principles of *res judicata*. Pls.' Br. at 9. It is true that IDEA administrative decisions can have *res*

---

[2] The document at page two lists the filing date as December 16, 2024, but the document at page 14 lists the filing date as December 17, 2024, which appears to be a mistake since it is inconsistent with the rest of the filings in this case and the parties' representations.

8

*judicata* effect where the agency is acting in a judicial capacity. *K.B. v. Pearl River Union Free Sch. Dist.*, No. 10-CV-9170 (VB), 2012 WL 234392, at *5 (S.D.N.Y. Jan. 13, 2012). *Res judicata* "dictates that a final judgment on the merits in one action bars subsequent relitigation of the same claim by the same parties." *Ambrister v. N.Y.C. Dep't of Educ.*, No. 22-CV-5516 (JGLC), 2024 WL 3888743, at *6 (S.D.N.Y. Aug. 20, 2024) (cleaned up). *Res judicata* applies when "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000) (citation omitted).

Plaintiffs' *res judicata* argument fails at the outset because the underlying administrative proceeding in which the IHO issued the Pendency Order is not a separate and prior proceeding with preclusive effects on this Court. Under IDEA, this Court has the authority to review the decisions rendered by administrative hearing and review officers. *See, e.g.*, *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 240 (2d Cir. 2012). Such proceedings are "in substance an appeal from an administrative determination." *Id.* at 225. Although Plaintiffs do not challenge the IHO's Pendency Order in this proceeding, but merely seek its enforcement, the instant litigation is still an offshoot of the underlying administrative action.

The IHO's decision is also not final. The underlying administrative proceeding is still on-going with cross-appeals to the SRO by both Plaintiffs and DOE pending. These appeals include a challenge by the DOE to the pendency start

9

date.  Pls.' Opp'n at 1.  The IHO decision is therefore not binding on either party.  *See D.N. v. N.Y.C. Dep't of Educ.*, 905 F. Supp. 2d 582, 587 (S.D.N.Y. 2012) ("[A]n IHO's decision is 'binding' upon the parties absent an appeal to the SRO.").  Accordingly, Plaintiffs' focus on the correct interpretation of the Pendency Order, Pls.' Br. at 12-13, is misplaced.[3]

Moreover, whether DOE is legally required to make pendency payments from the date the DPC was filed or the start of the school year is a pure legal question.  The Court owes no deference to the IHO on this issue of federal statutory interpretation.  *See, e.g.*, *Hidalgo v. N.Y.C. Dep't of Educ.*, No. 19-CV-2590 (RA), 2019 WL 5558333, at *3 (S.D.N.Y. Oct. 29, 2019) (holding, in the pendency context, that district courts "accord no particular deference to an SRO on pure questions of law" (cleaned up)).

Plaintiffs argue in the alternative that the due process proceedings were initiated by the submission of their Ten Day Notice.  Pls.' Opp'n at 4-5.  This position is contrary to the language of 34 C.F.R. § 300.148(c), cited by Plaintiffs, as well as the holding of *E. Lyme Bd. Of Educ.*  Section 300.148(c) conditions reimbursement for unilateral private education placements on the submission of a

---

[3] It is not clear that the Pendency Order actually establishes DOE's pendency obligations as commencing on October 9, 2024.  The Pendency Order, which is apparently a submission prepared by Plaintiffs, states that "the parent asserts the Student's pendency program . . . from October 9th, 2024[.]"  Pendency Order at 2.  This statement is essentially a statement of Plaintiffs' position as to pendency.  The IHO so-ordered the document after DOE failed to file an objection.  There is at least some ambiguity, then, as to whether the IHO's decision was intended to address the timing issue presented here.  In any event, since that decision has been appealed to the SRO and is therefore not binding, the Court need not decide this issue.

Ten Day Notice. 34 C.F.R. § 300.148(c). Reimbursement under this provision, however, is separate from pendency. *Mackey*, 386 F.3d at 160 ("A claim for tuition reimbursement pursuant to the stay-put provision is evaluated independently from the evaluation of a claim for tuition reimbursement pursuant to the inadequacy of an IEP.")

The relevant federal regulation makes clear that it is the filing of the DPC, not a Ten Day Notice, that initiates a due process proceeding. 34 C.F.R. § 300.507. Indeed, courts in this District have consistently held that the filing of the DPC commences due process proceedings. *See De Paulino*, 2024 WL 3046025, at *5; *Perez v. Banks*, No. 23-CV-02966 (ALC), 2024 WL 4307934, at *1 (S.D.N.Y. Sept. 26, 2024); *S.H.W. v. N.Y.C. Dep't of Educ.*, No. 21-CV-4808 (JPC), 2023 WL 2753165, at *2 (S.D.N.Y. Mar. 31, 2023); *cf. J.L. v. N.Y.C. Dep't. of Educ.*, No. 24-CV-1926 (PAE), 2024 WL 4882482, at *1 (S.D.N.Y. Nov. 25, 2024) (recognizing that the DPC begins pendency proceedings where an earlier, concurrent proceeding established pendency).

As the Second Circuit noted in *E. Lyme Bd. Of Educ.*, 790 F.3d at 455, the implementing regulations for the stay-put provision explicitly tie pendency to the filing of the DPC. 34 C.F.R. § 300.518 ("[D]uring the pendency of any administrative or judicial proceeding regarding a due process complaint notice requesting a due process hearing under § 300.507, unless the State or local agency and the parents of the child agree otherwise, the child involved in the complaint

must remain in his or her current educational placement."). Plaintiffs' argument is thus unavailing.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for summary judgment and **GRANTS** Defendants' motion for summary judgment.

The Clerk of Court is directed to enter judgment in accordance with this Opinion and Order, to mark all outstanding motions as terminated, and to close the case.

SO ORDERED.

Dated: November 18, 2025
      New York, New York

                                     JEANNETTE A. VARGAS
                                     United States District Judge